UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ACUTE MASTERY LLC, a Wyoming limited liability company, Plaintiff,<br><br>Plaintiff,<br><br>v.<br><br>CHEN ZEXIN, an individual; CHAOZHOUSHIXINGXINXINMAOYIYOUXIANGONGSI, a Chinese business entity, d/b/a "Xinxin trade co., LTD" and "CAXIMSY"; and DOES 1–10, Defendants.<br><br>Defendants. | No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY AND VACARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ACUTE MASTERY LLC ("Plaintiff" or "Acute Mastery"), by and through its undersigned counsel, alleges as follows against Defendants CHEN ZEXIN, and CHAOZHOUSHIXINGXINXINMAOYIYOUXIANGONGSI, a Chinese business entity, d/b/a "Xinxin

trade co., LTD" and "CAXIMSY"; and DOES 1–10, Defendants., (collectively, "Defendants") hereby alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns U.S. Copyright Registration No. VA 2-499-834 for the sculptural and two-dimensional artwork entitled *Snaptor Glove and Ball* (the "Copyrighted Work"), an original building-block sculpture of a baseball glove and baseball sold under Plaintiff's SNAPTOR brand.

2. Defendants, operating an Amazon.com storefront under the store name "Xinxin trade co., LTD" and the brand "CAXIMSY," have copied, reproduced, distributed, publicly displayed, and sold unauthorized copies of the Copyrighted Work in the United States on the Amazon.com marketplace, via Amazon Standard Identification Number ("ASIN") B0HFCH2RJ7, titled "CAXIMSY Baseball Building Blocks Set, 3D Sports Model Kit with Bat & Glove" (the "Infringing Product").

3. On September 23, 2026 and September 28, 2026, respectively, Plaintiff filed two DMCA takedown notices of infringement under 17 USC § 512, true copies of which are attached hereto and collectively marked as Exhibit 1. Thereafter, Amazon accepted the notices and removed the Infringing Product from its marketplace.

4. On October 8, 2026, Defendant Chen Zexin then submitted electronically to Amazon a counter-notification under 17 U.S.C. § 512(g), declaring under penalty of perjury that the Infringing Product had been removed "as a result of mistake or misidentification," and consenting to the jurisdiction of any judicial district in which Amazon may be found. A true copy of the counter-notification is attached hereto and incorporated by reference herein as Exhibit 2. The counter-notification was false. Plaintiff brings

this action to prevent reinstatement of the Infringing Product on the Amazon marketplace and to recover the damages Defendants' infringement has caused.

## II. PARTIES

5. Plaintiff Acute Mastery LLC is a limited liability company organized under the laws of the State of Wyoming, with its principal place of business in the State of Wyoming. Plaintiff designs and sells building-block construction sets, including sculptural sports-themed models, under the SNAPTOR brand through the Amazon.com marketplace.

6. Defendant CHEN ZEXIN is an individual who, on information and belief, resides in the People's Republic of China. In his counter-notification to Amazon, Defendant Chen identified himself by the full legal name "chen zexin," the email address ozchenzexin@outlook.com, the telephone number 13149928408, and the mailing address "guangdongsheng chaozhoushi chaoanqu shaxizhen shaercun shaerxiaoxue beipian" (Sha'er Primary School North Section, Sha'er Village, Shaxi Town, Chao'an District, Chaozhou City, Guangdong Province, China).

7. Defendant Chaozhoushixingxinxinmaoyiyouxiangongsi (the "Entity Defendant") is, on information and belief, a business entity organized under the laws of the People's Republic of China, with its business address at address "guangdongsheng chaozhoushi chaoanqu shaxizhen shaercun shaerxiaoxue beipian" (Sha'er Primary School North Section, Sha'er Village, Shaxi Town, Chao'an District, Chaozhou City, Guangdong Province, China) — the same address Defendant Chen provided in his counter-notification. The Entity Defendant is the business name disclosed on the Amazon seller profile for the storefront "Xinxin trade co., LTD," which offers the Infringing Product under the brand "CAXIMSY."

8. On information and belief, Defendant Chen is the owner, principal, officer, or managing agent of the Entity Defendant; personally directs, controls, and participates in the Entity Defendant's Amazon sales, including the sale of the Infringing Product; and submitted the counter-notification on the Entity Defendant's behalf as well as his own. Defendant Chen and the Entity Defendant are referred to collectively as the "Named Defendants."

9. Plaintiff does not know the true names and capacities of Defendants sued as Does 1 through 10, which include manufacturers, suppliers, affiliated storefronts, and other persons acting in concert with the Named Defendants in the copying, manufacture, importation, distribution, or sale of the Infringing Product. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10. On information and belief, at all relevant times each Defendant was the agent, servant, employee, partner, alter ego, or co-venturer of each other Defendant, and acted within the course and scope of that relationship.

## III. JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, including 17 U.S.C. §§ 501 and 512(f).

12. This Court has personal jurisdiction over Defendants by consent. Under 17 U.S.C. § 512(g)(3)(D), a counter-notification must include a statement that a subscriber located outside the United States consents to the jurisdiction of "any judicial district in which the service provider may be found," and that the subscriber "will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person."

13. Defendant Chen's counter-notification, submitted to Amazon in response to Plaintiff's Complaint ID 22322962211 and forwarded to Plaintiff on October 8, 2026, expressly stated: "I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found," and "I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." Defendant Chen signed the counter-notification electronically under penalty of perjury.

14. Amazon.com, Inc. and Amazon.com Services LLC, the service provider that received and processed the counter-notification, maintain their principal place of business at 410 Terry Avenue North, Seattle, Washington 98109, within this District. Amazon may therefore be "found" in this District, and Defendants have consented to personal jurisdiction here.

15. On information and belief, Defendant Chen submitted the counter-notification as the owner, principal, or agent of the Entity Defendant, for the purpose of reinstating the Entity Defendant's listing, and the Entity Defendant has accepted the benefit of that submission. The Entity Defendant is therefore bound by the consent to jurisdiction and service given in the counter-notification.

16. Independently, this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law; on information and belief, Defendants are not subject to the general jurisdiction of the courts of any State; and Defendants have purposefully directed their infringing conduct at the United States by listing, advertising, offering for sale, and selling the Infringing Product to consumers in the United States through the Amazon.com marketplace operated from this District, with prices in U.S. dollars and fulfillment to U.S. addresses. Exercising jurisdiction over Defendants is consistent with the U.S. Constitution and laws.

17. Venue is proper in this District under 28 U.S.C. § 1391(c)(3), because Defendants are not resident in the United States and may be sued in any judicial district, and under 28 U.S.C. §§ 1391(b)(2) and 1400(a), because Defendants may be found in this District by virtue of their consent and because a substantial part of the events giving rise to the claims — including the submission and processing of Plaintiff's notices and Defendants' counter-notification — occurred here.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1-18 and incorporates them by reference as though set forth in full herein.

19. Plaintiff creates original three-dimensional building-block sculptures that are sold as construction kits. Each sculpture is designed brick by brick: Plaintiff's designers select the size, shape, color, orientation, and placement of each individual block to render a stylized, artistic interpretation of the subject.

20. In 2025, Plaintiff's employees, acting within the scope of their employment, created the *Snaptor Glove and Ball*, a building-block sculpture of an open baseball glove and baseball, together with the associated two-dimensional digital design files.

21. Plaintiff first published the Copyrighted Work in the United States on November 2, 2025. Since then Plaintiff has sold the Copyrighted Work under its SNAPTOR brand on Amazon.com, including through ASIN B0FQJ26WHH.

22. The Copyrighted Work is original to Plaintiff and constitutes copyrightable subject matter as a sculptural and pictorial work under 17 U.S.C. § 102(a)(5). It is a work made for hire of which Plaintiff is the author and owner under 17 U.S.C. § 201(b).

23. The U.S. Copyright Office registered the Copyrighted Work under Registration No. VA 2-499-834, with an effective date of registration of May 5, 2026, identifying Acute Mastery LLC as author and copyright claimant (the "Registration"). A true and correct copy of the certificate of registration is attached hereto and incorporated by reference as _3. Because the Registration was made within five years after first publication, the certificate constitutes prima facie evidence of the validity of the copyright and of the facts stated in it. A photograph of the copyrighted work is attached hereto and incorporated by reference herein as Exhibit 3.

24. Defendants list, advertise, offer for sale, and sell the Infringing Product on Amazon.com under ASIN B0HFCH2RJ7, through the storefront "Xinxin trade co., LTD," under the brand "CAXIMSY." The Infringing Product is marketed under titles including "CAXIMSY Baseball, Gloves and Bat 3D Building Block Set" and "CAXIMSY Baseball Building Blocks Set, 3D Sports Model Kit with Bat & Glove." A photograph of the Infringing Product is attached hereto and incorporated by reference herein as Exhibit 4.

25. The Infringing Product consists of a building-block glove and ball within a glove, bat and ball set. The glove and ball components of the Infringing Product are substantially similar to the Copyrighted Work and reproduce the Copyrighted Work block for block, copying its pose, contours, color selection and layering, webbing, seam rendering, and proportions.

26. Defendants had access to the Copyrighted Work. Plaintiff has sold the Copyrighted Work publicly on Amazon.com since November 2025, in the same marketplace and product category where Defendants sell. In addition, the Infringing Product is so strikingly similar to the Copyrighted Work that the similarities cannot be explained by independent creation.

27. On information and belief, Defendants first listed and began selling the Infringing Product after May 5, 2026, the effective date of the Registration.

28. Plaintiff has never authorized Defendants to reproduce, distribute, display, or sell the Copyrighted Work or any copy or derivative of it.

29. That counter-notification was false, and Defendant Chen knew it was false when he made it. The Infringing Product was not removed by mistake or misidentification. It was removed because it is a copy of the Copyrighted Work. The counter-notification does not identify any mistake, does not contend that Amazon removed the wrong product, and does not claim that Defendants independently created the design or hold any license.

30. Defendants submitted the counter-notification for the purpose of having Amazon restore the Infringing Product solely for so that Defendants could resume selling it.

31. Defendants' sales of the Infringing Product divert sales from Plaintiff, depress the price of the Copyrighted Work in the marketplace, and dilute the value of Plaintiff's exclusive rights. Each sale of the Infringing Product is a sale lost to Plaintiff.

32. Unless enjoined, Defendants will resume selling the Infringing Product once Amazon restores the listing, and will continue to infringe. Plaintiff has no adequate remedy at law for this continuing harm.

## V. FIRST CLAIM FOR COPYRIGHT INFRINGEMENT

**(Against all Defendants)**

33. Plaintiff hereby repeats and realleges each and every allegation contained within paragraphs 1-32 and incorporates the same by reference as though set forth in full herein.

34. Plaintiff owns a valid, registered copyright in the Copyrighted Work. Attached hereto and incorporated by reference herein as Exhibit 5 is a true copy of the registration certificate.

35. Defendants have infringed Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (2), (3), and (5) by reproducing the Copyrighted Work, preparing unauthorized derivative works based on it, distributing copies of it to the public by sale, and publicly displaying it in product images on Amazon.com, all without Plaintiff's authorization.

36. The glove and ball components of the Infringing Product are substantially similar to the protectable expression in the Copyrighted Work. The addition of a building-block bat to the Infringing Product does not excuse the copying of Plaintiff's glove and ball.

37. Defendants' infringement has been willful, intentional, and in reckless disregard of Plaintiff's rights. Defendants copied the Copyrighted Work block for block; continued to assert a right to sell the Infringing Product after receiving notice of the Registration through Plaintiff's two accepted Amazon notices; and submitted a sworn counter-notification falsely asserting mistake or misidentification.

38. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled under 17 U.S.C. § 504(b) to its actual damages and to Defendants' profits attributable to the infringement that are not taken into account in computing actual damages, in amounts to be proven at trial.

39. Alternatively, at Plaintiff's election at any time before final judgment, Plaintiff is entitled under 17 U.S.C. § 504(c) to statutory damages of up to $30,000 per work infringed, increased to up to $150,000 per work for willful infringement.

40. Plaintiff is entitled to its full costs and reasonable attorney's fees under 17 U.S.C. § 505.

41. Plaintiff is entitled to preliminary and permanent injunctive relief under 17 U.S.C. § 502, and to the impoundment and destruction of all infringing copies and the means of making them under 17 U.S.C. § 503. Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm, including lost market share, price erosion, and loss of control over its creative work, for which monetary damages are inadequate. The balance of hardships and the public interest favor an injunction.

## VI. SECOND CLAIM FOR CONGTRIBUTORY AND VICARIOUS INFRINGEMENT

**(Against Defendants Chen Zexin and DOES 1-100)**

42. Plaintiff hereby repeats and realleges each and every allegation contained within paragraphs 1-41 and incorporates the same herein by reference.

43. The Entity Defendant and Does 1–10 have directly infringed Plaintiff's copyright in the Copyrighted Work, as alleged above.

44. Defendant Chen knew of that infringement, at the latest upon receiving notice of Plaintiff's Amazon complaints identifying the Registration, and materially contributed to it by directing the listing,

sourcing, and sale of the Infringing Product and by submitting a false counter-notification to restore the listing. Defendant Chen is therefore contributorily liable for the infringement.

45. On information and belief, Defendant Chen has the right and ability to supervise and control the Entity Defendant's infringing activity, including what products it lists on Amazon, and receives a direct financial benefit from that activity through the revenue and profits generated by sales of the Infringing Product. Defendant Chen is therefore vicariously liable for the infringement.

46. On information and belief, Does 1–10, including the manufacturers and suppliers of the Infringing Product, knowingly induced, caused, or materially contributed to the infringement, and are contributorily or vicariously liable for it.

47. This secondary infringement has been willful. Plaintiff is entitled to the same relief against Defendant Chen and Does 1–10 as is set out in the First Claim for Relief, jointly and severally with the Entity Defendant.

WHEREFORE, Plaintiff Acute Mastery LLC respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, as follows:

A. A declaration that Defendants have infringed Plaintiff's copyright in the Copyrighted Work (Reg. No. VA 2-499-834), and that the infringement was willful;

B. Preliminary and permanent injunctive relief under 17 U.S.C. § 502 enjoining Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of the order, from reproducing, manufacturing, importing, distributing, offering for sale, selling, or publicly displaying the Infringing Product (including

ASIN B0HFCH2RJ7) or any other product that copies or is substantially similar to the Copyrighted Work, on Amazon.com or any other platform;

C. An order under 17 U.S.C. § 503 impounding, and upon final judgment requiring the destruction or other reasonable disposition of, all infringing copies in Defendants' possession, custody, or control, including inventory held in Amazon fulfillment centers, and all molds, design files, instructions, and other means by which such copies may be made;

D. An award of Plaintiff's actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c) of up to $150,000 for willful infringement;

E. An award of Plaintiff's damages, including costs and attorneys' fees, under 17 U.S.C. § 512(f);

F. An order requiring Defendants to account for all gains, profits, and advantages derived from the sale of the Infringing Product;

G. An award of Plaintiff's full costs and reasonable attorneys' fees under 17 U.S.C. § 505;

H. Pre-judgment and post-judgment interest as allowed by law; and

I. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38, Plaintiff demands a trial by jury on all issues so triable.

AMZ SELLERS ATTORNEY
*Attorneys for Plaintiff Acute Mastery, LLC*

By: /s/ Michael S. Brandt
Michael S. Brandt, WSBA #29200
9350 Wilshire Blvd, Suite 203
Beverly Hills, CA 90212
Telephone: 888.806.2440
Email: brandtmichaelsteven@gmail.com
michael@amazonsellers.attorney